[Civ. No. 5016.  First Appellate District, Division One.—February 23, 1926.]

ALBERT COPPUCK, Appellant, v. JOHN DOE HUFF, Respondent.

[1] CONVERSION—TITLE—FINDINGS—EVIDENCE.—In this action in conversion, the finding of the trial court that plaintiff had no title to the cigar-stand, business, and fixtures in question and which were located in the lobby of a certain hotel and was not the owner thereof was amply supported by the evidence, which showed that the only right plaintiff had in the premises was that of a month to month tenant, that he had failed to pay his rent and had relinquished possession, and that at the time of the alleged conversion

by defendant, the manager of said hotel, plaintiff was not the owner of any merchandise pertaining to the business, but that the same had been disposed of by his vendee or his successor long prior thereto.

---

(1) 38 **Cyc.**, p. 2085, n. 21.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goldman, Nye & Surr and Goldman, Nye & Spicer for Appellant.

Leon Samuels and Chas. J. McDonnell for Respondent.

TYLER, P. J.—Action in conversion. The complaint alleges that on or about the eleventh day of June, 1923, plaintiff was the owner and entitled to the possession of a certain cigar-stand, business, and fixtures located in the Hotel Keystone at No. 54 Fourth Street, San Francisco.

That on said last-named day defendant unlawfully took possession of the same and converted the property to his own use, to plaintiff's damage in the sum of $650, which amount is alleged to be the reasonable value of the property.

Defendant answering denied title in the plaintiff. [1] The trial court found that plaintiff had no title to the property in question and never was the owner thereof, and it was decreed that he take nothing by his action and judgment was accordingly entered in favor of defendant. It is claimed that the evidence does not support the findings as to ownership or title.

There is no merit in this contention. There is ample evidence to show that the only right plaintiff ever had in the premises was as a tenant at the monthly rental of $50 per month. It was alleged in the answer and it appeared in evidence that plaintiff purchased the business conducted at the cigar-stand from one Shannon in the month of February, 1923. The cigar-stand was located in the lobby of the building mentioned and the fixtures connected therewith, including the cash register, were owned by the hotel.

When plaintiff took possession of the stand he installed a manager therein, who was to conduct the same under a working agreement. The manager was to pay the sum of $50 a month to the hotel as rent, which amount was its charge for the premises, and an additional sum of $75 per month to plaintiff. These sums were to be paid out of the profits derived from the business, the manager to replenish and furnish the merchandise. Defendant Huff, who managed the hotel, did not approve of the arrangement. He was familiar with the amount of business usually carried on at the stand and he knew that such business would not justify or even pay such a profit and so informed plaintiff. Plaintiff therefore concluded to dispose of the stand. He advertised the place for sale and succeeded in procuring a purchaser in one J. Fleming, who agreed to give $850 for the business. Of this sum he paid $500 on account and possession was surrendered to him. Fleming remained but a short time and sold the business to one Duke. Duke concluded that he had been swindled and he abandoned the business on May 25, 1923, and surrendered the keys to defendant as manager of the hotel, at the same time requesting him to dispose of the small quantity of stock on hand for his benefit.

The value of this merchandise was the sum of $12. Plaintiff, at the time he acquired the business, agreed to pay as rental $50 per month in advance commencing on the twenty-sixth day of February, 1923. He failed to pay any rent after April 26th following. After Duke had abandoned the property plaintiff had a conversation with defendant concerning the business. Defendant agreed to permit him to again take possession of the stand upon condition that he would install therein merchandise to the extent of $300 and agree not to dispose of the business for a sum in excess of $650. This offer was made by defendant for the reason that he was desirous of having a cigar-stand operated in the hotel, but at the same time he wanted to see to it that no one else was swindled. Plaintiff refused to accept the offer or to have anything further to do with the enterprise. At this time plaintiff made no claim of any kind whatsoever upon defendant growing out of his connection with the business. Defendant thereafter restocked the stand at an outlay of some $300 and subsequently disposed of it, whereupon plaintiff brought this action. From this evidence it is

manifest that plaintiff never was the owner of the fixtures, but, on the contrary, the same were a part of the Keystone Hotel, of which defendant was the manager. Nor was plaintiff the owner of any merchandise pertaining to the business at the time of the alleged conversion. Whatever merchandise he may have had was disposed of by his vendee or his successor long prior thereto.

As above stated, the only right that plaintiff had in the cigar-stand was that of a month to month tenant. He had failed to pay his rent and had relinquished possession. The appeal is devoid of any merit.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.